UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
Gertrudys Fernandez individually, Gertrudys Fernandez as administrator of the estate of Christian Haley, and Gertrudys Fernandez as the Guardian of G.H. (a minor child),

                                             Plaintiff,

-against-

The City of New York, Dr. Jay Cowan, Dr. Homer Venters, Corrections Officer ("C.O.") Shamieka Barreto, Badge No. 10514, C.O. Gilbert Southerland, Badge No. 17611, Corizon Health Inc., Correctional Medical Associates of New York, P.C., Corizon Health Clinical Solutions, LLC, Corizon, Inc., C.O. Does 1 - 4, and Medical Does 1-4,

                                             Defendants.
---------------------------------------------------------------------X

**COMPLAINT AND JURY TRIAL DEMAND**

Index No.: 17-cv-2431

       Gertrudys Fernandez, by her attorney David B. Rankin for her Complaint, alleges as follows:

### PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the preventable death of Christian Haley through the defendants' violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments. The plaintiff seeks damages, both compensatory and punitive, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

### JURISDICTION AND VENUE

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is

1

conferred upon this Court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the constitutional and civil rights of the plaintiff and decedent.

3. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## PARTIES

5. Plaintiff Gertrudys Fernandez is a resident of the City and State of New York.

6. Christian Haley ("Mr. Haley") was, at the time of the incident complained of herein, a resident of the City and State of New York.

7. Gertudys Fernandez is the administrator of the estate of Mr. Haley.

8. Gertrudys Fernandez is the guardian of Mr. Haley's minor son, G.H.

9. Defendant The City of New York is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a corrections department which acts as its agent in the area of corrections and for which it is ultimately responsible

10. Defendant The City of New York is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a correction department ("DOC") which act as its agent in the area of corrections for which it is ultimately responsible.

11.     Defendant Corizon Health, Inc. is a corporation that contracted with The City of New York to provide health services to pretrial detainees in the custody of the New York City Department of Correction.  Corizon Health, Inc., engages in business in the State of New York and is subject to personal jurisdiction in this district, and provided health care services on behalf of The City of New York.

12.     Defendant Correctional Medical Associates of New York, P.C. is a professional corporation that contracted with The City of New York to provide health services to pretrial detainees in the custody of the New York City Department of Correction.  Correctional Medical Associates of New York, P.C. engages in business in the State of New York and is subject to personal jurisdiction in this district, and provided health care services on behalf of The City of New York.

13.     Upon information and belief, Defendant Corizon Health Clinical Solutions, LLC is a limited liability corporation that contracted to provide health services to pretrial detainees in the custody of the New York City Department of Correction.  Corizon Health Clinical Solutions, LLC, engages in business in the State of New York and is subject to personal jurisdiction in this district, and has provided health care services on behalf of The City of New York.

14.     Upon information and belief, Defendant Corizon, Inc. is a corporation that contracted to provide health services to pretrial detainees in the custody of the New York City Department of Correction.  Corizon, Inc., engages in business in the State of New York and is subject to personal jurisdiction in this district, and has provided health care services on behalf of The City of New York.

15. Corizon Heath, Inc., Corizon Health Clinical Solutions, LLC, Corizon, Inc., and Correctional Medical Associates of New York, P.C. are referred to collectively as "Corizon."

16. Doctor ("Dr.") Jay Cowan was at all times relevant an employee of Corizon.

17. Dr. Homer Venters was at all times relevant an employee of Corizon or the City of New York.

18. Defendants Corrections Officer ("C.O.") Shamieka Barreto, Badge No. 10514 ("Barreto") and C.O. Gilbert Southerland, Badge No. 17611 ("Southerland") were at all times relevant herein, officers, employees and agents of the DOC.

19. Defendants Medical Does 1 – 2 are the individuals who approved or caused the transfer of Mr. Haley from the North Infirmary Command ("NIC") to the Vernon C. Bain Center ("VCBC").

20. Defendant Medical Does 3 – 4 were unresponsive to the medical emergency at VCBC on October 23, 2014.

21. Defendants, C.O. Does 1 – 2 are the individuals who approved or caused the transfer of Mr. Haley from the NIC to VCBC.

22. Defendant C.O. Doe 3 failed to investigate Mr. Haley's grievance.

23. Defendant C.O. Doe 4 placed Mr. Haley in a housing unit without a working defibrillator or staff trained in its use.

24. Dr. Jay Cowan, Dr. Homer Venters, C.O. Barreto, C.O. Southerland, DOC Defendant C.O. Does 1 – 4, and Medical Does 1 – 4 are referred to collectively as the "individual defendants" and they are sued in their individual capacities.

25. Defendants Medical Does and C.O. Does were at all times relevant herein employees or agents of Corizon and or The City of New York and were acting under color of state law in the course and scope of their duties and functions as agents, servants, and employees of Corizon and or The City of New York and otherwise performed and engaged in conduct incidental to their lawful functions in the course of their duties. They were acting for and on behalf of The City of New York and Corizon at all times relevant herein, with the power and authority vested in them as agents and employees of The City of New York and Corizon and incidental to their duties as agents and employees of The City of New York and Corizon. They are sued in their individual capacities.

26. The true and complete name, rank, and shield number of defendants C.O. Does and Medical Does are not currently known. However, they were employees or agents of The City of New York and or Corizon on the dates of the incidents. Accordingly, they may be entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that Ms. Fernandez intends to name said officers as defendants in an amended pleading once their true and complete name, rank, and shield number become known and (b) that the Law Department should immediately begin preparing their defense(s) in this action.

27. The defendants' acts hereafter complained of were carried out intentionally, recklessly, or with malice, and or a gross disregard for Mr. Haley.

28.     At all relevant times, the defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

### The Transfer

29.     On or about July 1, 2014, DOC Defendant C.O. Does 1 - 2 approved or caused the transfer of Mr. Haley from NIC on Rikers Island to VCBC.

30.     On or about July 1, 2014, Medical Does 1 - 2 medically cleared or caused Mr. Haley to be transferred from NIC on Rikers Island to the VCBC.

31.     DOC Defendants C.O. Does 1 - 2 were deliberately indifferent to Mr. Haley's serious medical needs in approving the transfer.

32.     Medical Does 1 – 2 were deliberately indifferent to Mr. Haley's serious medical needs in approving the transfer.

33.     On July 3, 2014, Mr. Haley was transferred from NIC to VCBC.

34.     On July 10, 2014, Mr. Haley submitted a grievance requesting a transfer back to the NIC.

35.     On July 16, 2014, C.O. Doe 3 denied Mr. Haley's grievance without sufficiently considering its merits or conducting an investigation.

36.     Mr. Haley died, in part, as a result of his transfer to VCBC.

37.     On August 19, 2014, Legal Aid Attorney Dale A. Wilker emailed Correctional Medical Associates President, Dr. Jay Cowan.  Additionally, Dr. Homer Venters was

emailed with this information. The email contained an attachment from Dr. Zachary Roser which concluded that Mr. Haley needed to be in the NIC.

38. On information and belief, no action or investigation was taken in response to this email.

39. Mr. Haley was transferred by C.O. Doe No. 4 to a floor at VCBC without a defibrillator or staff trained in its use.

## The Incident

40. The acts herein principally occurred at VCBC, on October 23, 2014 between 8:00 pm and 9:00 pm, unless otherwise noted.

41. A fight occurred between inmates.

42. C.O. Barreto blamed Mr. Haley for instigating the fight.

43. Mr. Haley did not instigate the fight and C.O. Barreto knew this.

44. C.O. Barreto verbally accosted Mr. Haley.

45. Mr. Haley suffered a cardiac event as a result of being accosted by C.O. Barreto.

46. C.O. Barreto failed to provide the necessary medical assistance to Mr. Haley.

47. Mr. Haley was taken to the clinic by inmates because C.O. Barreto and C.O. Southerland did not provide medical care.

48. Mr. Haley was pronounced dead at 9:56 pm on October 23, 2014.

49. The floor where Mr. Haley was housed did not have a defibrillator.

50. Had Mr. Haley been timely treated with a defibrillator by a trained professional, he would be alive today.

51. On information and belief, Medical Does 3 - 4 were deliberately indifferent to Mr. Haley's serious medical needs, by failing to treat Mr. Haley in a timely manner.

52. Mr. Haley provided, and would have continued to provide, support for his minor son G.H.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983

53. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54. Defendants their conduct and actions in failing to provide medical treatment to Christian Haley, who was suffering from a serious medical condition, and by failing to intercede to prevent the complained of conduct, individual defendants acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of decedent's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth Amendment and the Due Process Clause of the Fourteenth Amendment.

55. As a result of the foregoing, plaintiff and Christian Haley suffered death, conscious pain and suffering, damage, injury, support, society, guidance and assistance, and economic loss.

## SECOND CLAIM

## LIABILITY OF THE CITY OF NEW YORK AND CORIZON FOR CONSTITUTIONAL VIOLATIONS

56.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

57.     At all times material to this complaint, defendants The City of New York and Corizon had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

58.     At all times material to this complaint, defendant The City of New York and Corizon defendants were deliberately indifferent to their failure to provide adequate medical care for inmates held in DOC custody.

59.     At all times material to this complaint, defendant The City of New York and Corizon failed to properly train, screen, supervise, or discipline employees, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline individual defendants.

60.     For decades, through Department reports, civil litigation, and media reports, the DOC has been aware of the routine, dangerous, and constitutionally inadequate medical care.

61.     Several entities have conducted major investigations into patterns of abuse by DOC staff on Rikers Island, including the United States Attorney's Office for the Southern District of New York, the New York City Department of Health and Mental Hygiene, the New York City Department of Investigation, and the New York Times.

62. The problems at Rikers Island are of such a magnitude, The City of New York announced they intend to shut down the whole jail complex. Former Chief Judge Jonathan Lippman and City Council Speaker Melissa Mark-Viverito had this to say, "Rikers Island is an affront to the civic values of New York City. Reforming our jail system and closing Rikers Island is not simply good public policy — it is a moral imperative."[1]

63. At the time of Mr. Haley's death, "[t]he company [Corizon] ha[d] been accused by state investigators for medical failures that played a role in up to a dozen deaths at Rikers."[2]

64. On June 10, 2015, the City of New York announced it would not renew the contract they had with Corizon.[3]

65. New York City Department of Investigation Commissioner Mark G. Peters said, "DOI's investigation found that Corizon did not provide adequate screening or supervision of its employees, and the City did not properly oversee this taxpayer-funded vendor, ignoring multiple red flags."[4]

---

[1] Jonathan Lippman and Melissa Marl-Viverito, *Closing Rikers Island Is a Moral Imperative*, NY Times (March 31, 2017), https://www.nytimes.com/2017/03/31/opinion/closing-rikers-island-is-a-moral-imperative.html?rref=collection%2Ftimestopic%2FRikers%20Island%20Prison%20Complex&action=click&contentCollection=timestopics&region=stream&module=stream_unit&version=latest&contentPlacement=4&pgtype=collection

[2] Michael Winerip and Michael Schwirtz, *New York City to End Contract With Rikers Health Care Provider*, N.Y. Times (June 10, 2015), https://www.nytimes.com/2015/06/11/nyregion/report-details-failings-of-corizon-rikers-island-health-provider.html?_r=0

[3] Jillian Jorgensen, *City Drops Corizon, Rikers Island Health Provider, Amid Scrutiny*, Observer.com (June 10, 2015), http://observer.com/2015/06/city-drops-corizon-rikers-island-health-provider-amid-scrutiny/

[4] Mark G. Peters, *DOI Report finds Significant Breakdowns by Corizon Health, Inc.*, DOI Press Release (June 10, 2015), http://www1.nyc.gov/assets/doi/downloads/pdf/2015/June15/pr16corizonrpt_61015.pdf

66. The City cannot credibly contend that it was unaware of the pattern of inadequate medical care at Rikers Island, and throughout the DOC system, and that they failed to take sufficient measures to investigate, discipline, and end this abuse.

67. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's and Christian Haley's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth Amendment and the Due Process Clause of the Fourteenth Amendment.

68. As a result of the foregoing, Christian Haley suffered death, conscious pain and suffering, damage, injury, support, society, guidance and assistance, and economic loss.

[This section left intentionally blank.]

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening a jury to consider the merits of the claims herein;

d. Pre- and post-judgment costs, interest and attorney's fees; and

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: April 4, 2017
New York, New York

Respectfully Submitted,

By: _____
David B. Rankin, Esq.
11 Park Place, Suite 914
New York, New York 10007
t: (212) 226-4507