USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/7/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

**GERTRUDYS FERNANDEZ, et al.,**

                          **Plaintiffs,**

        -against-

**CITY OF NEW YORK, et al.,**

                          **Defendants.**

-----------------------------------------------------------------X

17-CV-2431 (GHW)(SN)

**OPINION AND ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On April 4, 2017, Plaintiff brought this case, alleging violations of decedent Christian Haley's constitutional rights as guaranteed by 42 U.S.C. § 1983. On May 12, 2017, the City of New York moved to stay all proceedings pursuant to the doctrine of Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), which allows federal courts to abstain from exercising jurisdiction in exceptional circumstances to promote the wise administration of judicial resources. ECF No. 31. In sum, Defendants argue that the matter should be stayed pending resolution of a parallel lawsuit of Plaintiff's state-law claims proceeding through discovery in the Supreme Court of the State of New York, County of Bronx.

On May 31, 2017, the remaining Defendants joined in this motion. ECF No. 43. On June 9, 2017, the Honorable Gregory H. Woods referred this case to my docket for general pretrial supervision, including the question of whether a stay under Colorado River was appropriate. ECF No. 48. On June 14, 2017, I entered a temporary stay of discovery pending the adjudication of the stay application. ECF No. 50. After considering the parties' submissions, I find that the Defendants have failed to demonstrate the "exceptional circumstances" necessary to displace the

"the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Colorado River, 424 U.S. at 817. Accordingly, Defendants' motion for a stay is DENIED and the temporary stay of discovery entered on June 14, 2017, is VACATED. The Court shall order the parties to appear before it for an initial pretrial conference via separate order.

## BACKGROUND

The following facts are alleged in the complaint. Plaintiff is the administrator of the estate of Christian Haley, who was incarcerated within the New York City Department of Correction system. ECF No. 1, Compl. at ¶ 7. On or about July 1, 2014, Haley was medically cleared for transfer from the North Infirmary Command ("NIC") on Rikers Island to the Vernon C. Bain Center and was transferred to this facility on July 3, 2014. Id. at ¶¶ 29–30, 33. Haley's grievance to be transferred back to the NIC was denied. Id. at ¶¶ 34–35.

On October 23, 2014, a fight occurred between inmates, during which Haley suffered a "cardiac event." Id. at ¶¶ 40–45. Haley died approximately an hour later. Id. at ¶ 48. Plaintiff alleges that Haley was placed on a floor without a defibrillator, was not provided proper medical attention, and would have survived had he been properly treated. Id. at ¶¶ 46–50.

On January 15, 2016, Plaintiff brought suit in the Supreme Court of the State of New York, County of Bronx, Gertrudys Fernandez v. City of New York, Index No. 20303/2016E. In that suit, Plaintiff asserts state law claims for wrongful death, intentional and negligent infliction of emotional distress, medical malpractice, and negligence and negligent hiring and retention. ECF No. 32-1, State Compl. at ¶¶ 30–47. On April 4, 2017, Plaintiffs brought this case, alleging violations of decedent Christian Haley's constitutional rights as guaranteed by 42 U.S.C. § 1983. Plaintiff does not contest that, although the causes of action differ, the facts underlying the two cases are virtually identical, and that the parties are substantially the same.

**DISCUSSION**

I.  **Legal Standard**

The Colorado River doctrine governs whether a federal court should abstain from exercising jurisdiction over a case because of the existence of a parallel state court proceeding. 424 U.S. at 817–19. The general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," and that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Id. at 817. Nevertheless, under certain "exceptional circumstances," a federal court may dismiss a federal suit for "reasons of wise judicial administration." Id. at 817–18.

An analysis of whether a court should abstain under Colorado River begins with a determination of whether the concurrent federal and state proceedings are "parallel" in nature. See Dittmer v. Cty. of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998) ("[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under Colorado River."). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 100 (2d Cir. 2012) (citations omitted).

If the suits are found to be parallel, a federal court must consider six factors in determining whether to abstain. These are "(1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." Vill. of Westfield v. Welch's, 170 F.3d 116, 121 (2d Cir. 1999). "The decision whether to dismiss a federal action because of

parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983). Any factors that are neutral should properly be considered as favoring the retention of jurisdiction because a court's task is "not to find some substantial reason for the *exercise* of federal jurisdiction . . . rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under Colorado River to justify the *surrender* of that jurisdiction." Id. at 25–26.

## II. Applying the Colorado River Factors

There can be no doubt that the state and federal lawsuits are parallel; though they involve different causes of action, they are litigated by substantially the same parties and seek money damages arising out of the same operative facts. Accordingly, the Court proceeds to consider the six factors in determining whether Colorado River abstention is appropriate.

The first and second factors unquestionably cut against abstention. This action does not involve jurisdiction over a contested *res* or property, and the two courts are equally convenient forums for all parties and counsel.

The Supreme Court has identified the third factor—embodied in "the clear federal policy . . . [of] avoidance of piecemeal litigation" as "by far the most important factor in [its] decision to approve [Colorado River abstention]." Moses H. Cone Mem'l Hosp., 460 U.S. at 16; see also Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 211 (2d Cir. 1985) ("Maintaining virtually identical suits [arising out of the same set of facts] in two forums . . . would waste judicial resources and invite duplicative effort . . . [A]voidance of piecemeal litigation is best served by leaving these suits in the state court."). Accordingly, Defendants

4

argue that permitting both cases to go forward may lead to duplicative discovery, conflicting decisions on discovery issues and the merits, and the possibility of forum shopping. In their reply memorandum of law, Defendants point out various instances in which Plaintiff sought identical discovery in both the state and federal cases and argue that allowing both cases to proceed would impermissibly permit her "two bites at the apple." ECF No. 52 at 8.

The issues that Defendants raise, however, are present in virtually every parallel suit, and would counsel abstention in any suit that involved the same parties and subject matter. This would obviate Colorado River's admonition that abstention is heavily disfavored absent "exceptional circumstances." Indeed, though Defendants argue that the *risk* that collateral estoppel or res judicata will be invoked counsels abstention, the Court of Appeals has emphasized that "the primary context in which we have affirmed Colorado River abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes *not preventable* by principles of res judicata and collateral estoppel." Woodford v. Cmty. Action Agency of Greene Cty., Inc., 239 F.3d 517, 524 (2d Cir. 2001) (emphasis added); see also Abe v. N.Y. Univ., No. 14-CV-9323 (RJS), 2016 WL 1275661, at *7 (S.D.N.Y. Mar. 30, 2016) ("The mere existence of parallel federal and state suits does not, without more, warrant absention, particularly where the nature of the parallel actions is such that the principles of res judicata and collateral estoppel should be effective to prevent inconsistent outcomes.") (citation omitted).

Therefore, because "any case involving parallel proceedings presents a risk of duplicative litigation or a rush to judgment, the existence of those risks can weigh only modestly in favor of dismissal; otherwise dismissals pursuant to Colorado River would be the rule, not the exception, in cases involving parallel proceedings in state and federal court." Dalzell Mgmt. Co. v.

Bardonia Plaza, LLC, 923 F. Supp. 2d 590, 600 (S.D.N.Y. 2013) (citation omitted). "There is no bar against parallel *in personam* actions proceeding in two or more courts. 'Each court is free to proceed in its own way and in its own time . . . [w]henever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by application of the principles of *res adjudicata*.'" Woodford, 239 F.3d at 525 (citing Kline v. Burke Construction Co., 260 U.S. 226, 230 (1922)).

Here, Defendants have not made any argument that the principles of collateral estoppel and *res judicata* would not apply to prevent inconsistent outcomes. This is not "the classic example" of a case where "all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of nonliability and the other potentially liable defendants are not parties." Id. at 525; see also De Cisneros v. Younger, 871 F.2d 305, 308 (2d Cir. 1989) (finding abstention appropriate where defendant could "face liability in two forums with the risk of inconsistent results, and the same state plaintiffs would be unable to be joined in the pending federal action because their presence would defeat diversity jurisdiction"); Jenkinson v. Baptiste-Bruno, No. 16-CV-4519 (AJP), 2016 WL 7377234, at *5 (S.D.N.Y. Dec. 20, 2016) (abstaining on similar grounds).

Defendants rely on Arkwright-Boston Mfrs., 762 F.2d at 211, which warned of "spawning an unseemly and destructive race to see which forum can resolve the same issues first," to suggest that the operation of collateral estoppel and *res judicata* itself could be a reason for abstention. This case, however, is plainly distinguishable because it involved "hundreds of claims and numerous parties," which had all been consolidated for discovery and trial before a single state court judge, and "implicate[d] significant local interests." No extraordinary complexities of this sort exist in this case.

Therefore, because the Defendants cannot point to any inconsistent results that would not be addressed by the well-established doctrines of collateral estoppel and *res judicata* and/or proper case management of discovery, the Court finds that the "avoidance of piecemeal litigation" factor weighs against abstention.

The fourth factor concerns the order in which jurisdiction was obtained. In weighing this factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone Mem'l Hosp., 460 U.S. at 21. In this case, the state court complaint was filed in January 2016, and Defendants represent that "there has been substantial document discovery taken in the State case, as well as the noticing of some depositions." ECF No. 33 at 12. The federal action, on the contrary, is incipient, and not much activity has occurred besides the filing of the complaint and the briefing of this motion. Accordingly, this factor weighs moderately towards abstention.

The fifth factor is whether state or federal law supplies the rule of decision in this matter. "[T]he presence of federal law issues must always be a major consideration weighing against surrender [of jurisdiction]." Moses H. Cone Mem'l Hosp., 460 U.S. at 25; see also De Cisneros, 871 F.2d at 308 ("When the applicable substantive law is federal, abstention is disfavored."). In this case, Plaintiff is proceeding solely on federal claims in this forum, invoking 42 U.S.C. § 1983 and constitutional violations. This is not a case of diversity jurisdiction, where no federal question is implicated. See Arkwright-Boston Mfrs., 762 F.2d at 211 (case raising serious questions of state law on diversity "tips the scale" towards abstention); Dore v. Wormley, 690 F. Supp. 2d 176, 192 (S.D.N.Y. 2010) (finding that this factor favored abstention where "there are only issues of state law"); Goldentree Asset Mgmt., L.P. v. Longaberger Co., 448 F. Supp. 2d

589, 594 (S.D.N.Y. 2006) (abstaining where both federal and state actions concerned an identical state-law contract claim). Therefore, this factor weighs against abstention.

The sixth factor is whether the state court proceeding would adequately protect the rights of the party seeking to invoke federal jurisdiction. Plaintiff has not made any colorable argument as to why New York State courts would not adequately enforce federal constitutional rights. Accordingly, this factor weighs in favor of abstention.

### III. Balancing the Factors

In sum, the Court has concluded that four of the Colorado River factors weigh against abstention, while two of them—the order in which jurisdiction was obtained and whether the state court proceeding will adequately protect Plaintiff's rights—weigh in favor of abstention. On this record, guided by the "virtually unflagging obligation" to exercise jurisdiction, Colorado River, 424 U.S. at 817, and by the admonition that the factors be "heavily weighted in favor of the exercise of jurisdiction," Niagara Power, 673 F.3d at 100, the Court finds that abstention is unwarranted.

To be sure, in fulfilling its case management responsibilities, the Court will not be blind to the existence of the parallel state proceedings in ordering an appropriate civil case management plan and setting a reasonable scope of discovery in line with Federal Rule of Civil Procedure 26. The parties shall, of course, be expected to collaborate in good faith to avoid burdening each other and the Court with duplicative discovery.

## CONCLUSION

Defendant's motion to stay the proceedings pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), is DENIED. The temporary stay on

discovery imposed on June 14, 2017, ECF No. 50, is VACATED. The Clerk of Court is respectfully requested to terminate Dkt. No. 31.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   July 7, 2017
         New York, New York