BELDOCK LEVINE & HOFFMAN LLP
99 PARK AVENUE, PH/26TH FLOOR
NEW YORK, N.Y. 10016-1601

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

CYNTHIA ROLLINGS
JONATHAN MOORE*△
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT◊
MARC A. CANNAN

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
MARJORY D. FIELDS
JOSHUA S. MOSKOVITZ
EMILY JANE GOODMAN
   (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

ALSO ADMITTED IN:
*CALIFORNIA
△ILLINOIS
◊NEW JERSEY

REF: 97000.001

WRITER'S DIRECT DIAL:

212-277-5825

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_ 09/15/2017 _

**VIA ECF ONLY**

September 8, 2017

Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:**   *Fernandez, Gertrudys et al. v. City of New York, et al.*
         **17-CV-2431 (GHW)(SN)**

Your Honor:

I am counsel to Ms. Fernandez, the plaintiff in the above captioned matter. One of defendants' points is well taken. There is not a pending motion for disqualification. However, the remaining assertions miss the basic problem. The defendants stating that indemnification plays a role in a conflict analysis is confusing because who pays a judgment is not a relevant consideration. Information from one defendant, the City will be introduced against another defendant, Corizon, Inc. at trial in this matter. To take only one example:

Paragraph 68 of the Amended Complaint alleges that:

At all times material to this complaint, defendants The City of New York and Corizon failed to properly train, screen, supervise, or discipline employees, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline

The Department of Investigation Report into Corizon, Inc. states at page 11 that:

> The failure to require or even verify basic candidate information such as references, prior employment, and professional licensure is, at best, emblematic of Corizon's sloppiness in screening its candidates. At worst, it demonstrates Corizon's indifference toward the quality of the employees it hires to work within DOC's jails, and, as discussed below, the quality of care these employees deliver to DOC inmates.[1]

This report is not hearsay and is admissible because under Fed. R. Evid. 801 (2)(A)(B) an opposing parties' statement is not hearsay.[2] Even if it were hearsay, it is admissible because it is a public record under Fed. R. Evid. 803.[3]

This problem is not mere speculation, it is an inevitability. Should the Court be satisfied with the defendants' representations, we respectfully request both Corizon, Inc. and the City of New York remain vigilant in their communication about this issue.

We thank Your Honor for considering these matters.

Respectfully submitted,

David B. Rankin

---

Plaintiff has not moved to disqualify defense counsel from representing both the City of New York and Corizon, Inc. in this matter, and the Court does not see a basis at this time to sua sponte disqualify defense counsel from representing both of these defendants. Defendants are ORDERED to continue to police this concern. Any party may raise the issue of a potential conflict of interest at a later date on a more complete record.
**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

September 15, 2017
New York, New York