# BELDOCK LEVINE & HOFFMAN LLP

99 PARK AVENUE, PH/26TH FLOOR

NEW YORK, N.Y. 10016-1601

CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MARC A. CANNAN
DAVID B. RANKIN
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
MARJORY D. FIELDS
JOSHUA S. MOSKOVITZ
EMILY JANE GOODMAN
    (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF: 970000.01

WRITER'S DIRECT DIAL:
212-277-5825

**VIA ECF ONLY**

September 27, 2017

Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *Fernandez, Gertrudys et al. v. City of New York, et al.*
**17-CV-2431 (GHW)(SN)**

Your Honor:

I am counsel to the plaintiff in the above captioned matter. I write in response to the defendants' letter of October 3, 2017.

Defendants' argument is largely premised on jurisprudence that has been since been overturned by the Supreme Court in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), as applied by the Second Circuit in *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). Defendants' letter cites to *Darnell*, but yet they continue to assert there is a subjective component to a due process claim.

A claimant was required to satisfy a two-prong test, first establishing that they suffered a sufficiently serious constitutional deprivation, and second demonstrating that the defendant acted with deliberate indifference. *See Feliciano v. Anderson*, No. 15 Civ. 4106 (LTS) (JLC), 2017 U.S. Dist. LEXIS 47893 at *20-21 (S.D.N.Y. Mar. 30, 2017), citing *Darnell*, 849 F.3d at 29; *Taylor v. Goorde*, 548 F. App'x 696, 698 (2d Cir. 2013). Under the second "mens rea" prong mandating a showing of deliberate indifference a claimant was required to meet a *subjective* intent requirement. *Darnell*, 849 F.3d at 34-35. In *Darnell*, the Second Circuit overruled precedent applying a subjective standard akin to those claims brought pursuant to the Eighth

BELDOCK LEVINE & HOFFMAN LLP

Hon. Sarah Netburn
October 6, 2017
Page 2

Amendment, interpreting *Kingsley* to dictate an *objective* standard pursuant to the Due Process Clause of the Fourteenth Amendment for all pre-conviction deliberate indifference claims, holding:

> Following the Supreme Court's analysis in *Kingsley*, there is no basis for the reasoning in *Caiozzo*[1] that the subjective intent requirement for deliberate indifference claims under the Eighth Amendment, as articulated in *Farmer*,[2] must apply to deliberate indifference claims under the Fourteenth Amendment. *Caiozzo* is thus overruled to the extent that it determined that the standard for deliberate indifference is the same under the Fourteenth Amendment as it is under the Eighth Amendment.
>
> *Darnell*, 849 F.3d at 35

The actual harm suffered is an important consideration in assessing the seriousness of the constitutional deprivation, especially where there was demonstrable physical injury. *Nieves v. City of New York*, No. 15 Civ. 2227 (ALC), 2017 U.S. Dist. LEXIS 133503 *11 (S.D.N.Y. August 18, 2017) ("Plaintiff allegedly suffered paralysis to the right side of his body as a result of the delay in treatment. Thus, the Court finds that Plaintiff's has adequately alleged a deprivation of medical care."). Here the harm was Mr. Haley's death.

Mr. Haley's medical condition was known; therefore the risks should have been obvious. "[E]vidence that the risk was obvious or otherwise must have been known to a defendant is sufficient to permit a jury to conclude that the defendant was actually aware of it." *Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003) (failure to treat keloids sufficient pursuant to Eighth Amendment standard). Ms. Fernandez's claim would satisfy even the Eighth Amendment's standard.

Further, Ms. Fernandez's claim that the detention was unreasonable under the Fourth Amendment sounds in objective reasonableness. "The Fourth Amendment […] established the minimum constitutional standards and procedures not just for arrest but also for [the] ensuing 'detention.'" *Manuel v. City of Joliet*, ___ U.S. ___, 137 S. Ct. 911, 917 (2017). The subjective motivations of the individual officers are irrelevant to whether a particular seizure is reasonable for Fourth Amendment purposes. *Spinelli v. City of New York*, 579 F.3d 160, 167 (2d Cir. 2009). It is axiomatic that the test for a violation of the Fourth Amendment is 'was the conduct objectively reasonable?' Here, it strains credulity to say it was objectively reasonable to send a pre-trial detainee who had a known and serious heart condition from a medical facility to a location without even a defibrillator. Thus, the manner of Mr. Haley's detention was objectively unreasonable and violative of the Fourth Amendment.

With respect to the defendants' contention that there are not adequate *Monell* allegations, I again refer to the following statements of the Defendant City of New York. Paragraph 68 of

---

[1] *Caiozzo v. Koreman*, 581 F.3d 63 (2d Cir. 2009)
[2] *Farmer v. Brennan*, 511 U.S. 825 (1994)

BELDOCK LEVINE & HOFFMAN LLP

Hon. Sarah Netburn
October 6, 2017
Page 3

the Amended Complaint alleges that:

> At all times material to this complaint, defendants The City of New York and Corizon failed to properly train, screen, supervise, or discipline employees, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline
>
> The Department of Investigation Report into Corizon, Inc. states at page 11 that:
>
> The failure to require or even verify basic candidate information such as references, prior employment, and professional licensure is, at best, emblematic of Corizon's sloppiness in screening its candidates. At worst, it demonstrates Corizon's indifference toward the quality of the employees it hires to work within DOC's jails, and, as discussed below, the quality of care these employees deliver to DOC inmates.

These claims are far beyond plausible, they are tragic. If through the course of discovery a nexus between Corizon and the City's failures and Mr. Haley's death are not shown, then the defendants will be well within their rights to move for Summary Judgment, but at this stage, Ms. Fernandez is entitled to discovery.

Even with the forgoing, Ms. Fernandez respectfully requests the opportunity to supplement the complaint pursuant to Fed. R. Civ. P. 15 (a)(1)(B) and Your Honor's Individual Rules at III (a). If Your Honor is amenable, we request that an amendment be allowed by October 27, 2017. The defendants consent to an amendment by that date.

With respect to the requested stay, Ms. Fernandez opposes any such stay. This is the defendants second request for a stay and given the remote chance the defendants' have in entirely prevailing on their application, a stay serves no purpose except to delay this litigation. Discovery demands were served on defendants on July 21, 2017 and due to plaintiff by August 21, 2017. At the defendants' request we had agreed to an extension of time for their responses. Responses were to be produced this week. As such, defendants should have no problem producing the demanded documents forthwith. We respectfully request Your Honor order the same. Defendants oppose this application as they believe discovery should be stayed.

We thank you for your attention to these matters.

Respectfully submitted,

David B. Rankin