# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016-1601

CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MARC A. CANNAN
DAVID B. RANKIN
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
MARJORY D. FIELDS
JOSHUA S. MOSKOVITZ
EMILY JANE GOODMAN
    (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF: 970000.01

WRITER'S DIRECT DIAL:
    212-277-5825

**VIA ELECTRONIC AND REGULAR MAIL**

January 9, 2018

Alejandra R. Gil
Associate
Heidell, Pittoni, Murphy & Bach, LLP
81 Main Street
White Plains, NY 10601

**Re:    *Fernandez, Gertrudys et al. v. City of New York, et al.*
         17-CV-2431 (GHW)(SN)**

Dear Ms. Gil,

Our office represents the estate of Mr. Christian Haley in the above-referenced matter. While we appreciate defendants' efforts to respond to Plaintiff's Interrogatory and Document Demands, we believe there are serious deficiencies which must be addressed.

### Production of a Privilege Log

In responses to Interrogatory Request Number 5, and Document Demands Numbers 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, 21, 22, 23, 24, 25, 26, 29, 30, 31, 32, 33, 34, and 42 defendants impose an objection based on privilege. Please produce a privilege log or withdraw your assertion of privilege. *See* Fed.R.Civ.P. 26(b)(5)(A)(i); Local Civil Rule 26.2 (the party asserting the privilege must "identify the nature of the privilege (including work product) which is being claimed . . . in writing at the time of the response to such discovery [request]").

### Objections Generally

The defendants raise numerous burden objections. However, there has been no actual document showing any burden. Should the defendants wish to raise an objection based on

BELDOCK LEVINE & HOFFMAN LLP

Alejandra R. Gil
January 9, 2018
Page 2

burden please do so. *King* requires that an affidavit be submitted "from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988) (citation omitted). Should we not receive such a document we will assume no burden objection is being asserted. Further, there is no indication what, if any, materials are being withheld on the bases of an asserted objection. See, Fed. R. Civ. P. 34(b)(2)(C). Absent a statement of what, if any, documents are being withheld and why they are being withheld, it is impossible to meaningfully engage in a discussion of the purported objections asserted.

## Interrogatories

Interrogatories Nos. 11, and 12 and Document Responses Nos. 40, and 42 indicates defendants will supplement their responses, please do so immediately, or provide a firm date by which the documents will be produced. See, Fed. R. Civ. P. 33(b)(3). Please supplement the following interrogatory responses or indicated the responses will not be supplemented, so we can seek judicial intervention.

Interrogatories No. 2 and 5, must be supplemented to include the last known address and phone numbers of the inmate witnesses. We need a way to start our investigation into their locations. See, Fed. R. Civ. P. 33(b)(3).

Interrogatory No. 7, the defendants were the responding parties to the order to show cause, therefore any objection indicating the defendants were not privity to that proceeding is erroneous. Documents from the proceeding are enclosed in this letter. See, Fed. R. Civ. P. 33(b)(3).

Interrogatories Nos. 8, 9, 10 were not responded to. These interrogatories request a number, not a general reference to produced discovery. Please supplement promptly or we will seek judicial intervention. See, Fed. R. Civ. P. 33(b)(3).

Interrogatory No. 13 was not responded to. This interrogatory requires a response, not a reference to over 600 pages of medical records. Some of the medical records suggest that Mr. Haley was transferred out of the NIC due to his failure to participate in testing. We demand to know what tests if any his refusal to take will be used as a basis for his being removed from the NIC. See, Fed. R. Civ. P. 33(b)(3).

## Document Demands

It is difficult to ascertain what documents are being withheld based on privilege or as the result of an objection because no privilege log has been produced, nor any list of documents which are being withheld as a result of an objection. As such, all of the objections are misplaced and production is required. When the defendants supplement their responses, we can meaningfully engage in a discussion of the bounds of discovery in this case. *Fisher v. Forrest*, 14 Civ. 1304 (PAE)(AJP), 2017 US Dist LEXIS 28102 (S.D.N.Y. February 28, 2017).

BELDOCK LEVINE & HOFFMAN LLP

Alejandra R. Gil
January 9, 2018
Page 3

### **<u>Entry on Land</u>**

We require entry on land. "The Second Circuit has held that with regard to a Rule 34 inspection, 'the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection.'" *Ehrlich v. Inc. Village of Sea Cliff*, No. CV 04-4025 (LDW)(AKT), 2007 U.S. Dist. LEXIS 39824, *3 (E.D.N.Y. May 31, 2007), citing *New York Assoc. for Retarded Children v. Carey*, 706 F.2d 956, 961 (2d Cir. 1983). Here, plaintiff requires the ability to understand and present evidence about where individuals employed by defendants were located relative to Mr. Haley while he was on the ground dying.

Please supplement the defendants' responses immediately, or provide a date by which production will be exchanged. Absent a prompt communication we will seek judicial intervention.

Thank you for your attention to this matter.

Respectfully submitted,

David B. Rankin

Enclosure